UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Michael K. Brace and Susan Brace,<br>Plaintiffs<br><br>v.<br><br>Rite Aid Corporation and<br>Sowmya Yabaluri, R.Ph.<br>Defendants | *<br>*<br>*<br>*<br>*   Case No.: 1:10-cv-00290-LM<br>*<br>*<br>*<br>* |

## PLAINTIFFS' MOTION FOR LEAVE TO ADD MAXI DRUG NORTH, INC. AS A DEFENDANT

NOW COMES the Plaintiffs, Mr. Michael K. Brace (hereinafter "Michael") and Mrs. Susan Brace (hereinafter "Susan"), in the above-captioned matter, by and through their attorneys, and respectfully request that this Honorable Court permit the addition of Maxi Drug North, Inc. as a Defendant, and state in support thereof as follows:

1. The Defendants have alleged that Maxi Drug North, Inc., a Pennsylvania corporation and subsidiary of Defendant Rite Aid Corporation, is an entity responsible for the Plaintiffs' claims.  The Defendants have also alleged that Maxi Drug North, Inc. is the owner of the Rite Aid Pharmacy, located at 1285 Hooksett Road, in Hooksett, New Hampshire, and the employer of the Pharmacist that misfilled Michael's narcotic prescription, that caused him to suffer a severe overdose, hospitalization, and permanent injuries.

2. Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleadings only with the opposing party's consent or with the Court's leave, which the Court "should freely give when justice so requires." Fed. R. Civ. P. 15(c) provides that an amendment to a pleading relates back to the date of the original pleading when:

    1) the amendment changes the party of the naming of the party against whom a claim is asserted;

      2) if the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading; and

      3) if within 120 days after the Complaint is filed, the party to be brought in by amendment received notice, would not be prejudiced in defending on the merits, and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

    3.    In this case, justice so requires that Maxi Drug North, Inc. be named as a proper Defendant as Maxi Drug North, Inc. is a party responsible for employee or agent that caused the severe injuries suffered by the Plaintiffs as a result of a misfilled narcotic prescription and severe overdose.  Pursuant to Fed. R. Civ. P. 15, the Amended Complaint should relate back to the date of the Plaintiff's original Complaint, which was filed on July 19, 2010, because the amendment asserts claims against Maxi Drug North, Inc. that arose out of the same exact conduct, transaction or occurrence set out in the original Complaint.  Further, neither the already named Defendants nor Maxi Drug North, Inc. will experience prejudice if Maxi Drug North, Inc. is named as an additional Defendant, as all Defendants knew or should have known that the action would have been brought against Maxi Drug North, Inc. but for a mistake concerning the proper party's identity when the action was originally filed.  In fact, Defendant Rite Aid Corporation has _requested_ that Maxi Drug North, Inc. be made a party to this action.

    4.    Without prejudice to the existing claims against the named Defendants, the Plaintiffs now move to add Maxi Drug North, Inc. as a party Defendant.  Pursuant to Local Rule 7.1, the Plaintiffs have sought the concurrence of the Defendants to the relief sought herein.  The Defendants have not assented to this Motion.

    5.    By this Motion, the Plaintiffs respectfully request leave to file and serve an Amended Complaint and a Summons upon Maxi Drug North, Inc. as a Defendant.  _See_ a copy of

the Amended Complaint and Summons to be served upon Maxi Drug North, Inc., attached hereto and incorporated herein by reference as Exhibit 1.

 6. No memorandum of law is being attached to this Motion as the Court's ruling lies within the discretion of the Court.

 WHEREFORE, your Plaintiffs respectfully pray that this Honorable Court:

 A. Grant the within Assented to Motion to Add a Party Defendant; and

 B. Issue any other appropriate documentation to be served upon Maxi Drug North, Inc.;

 C. Order such other and further relief as may be just and equitable.

       Respectfully submitted,
       Jane Revells, Plaintiff
       By and through her attorneys,
       BELIVEAU, FRADETTE, DOYLE & GALLANT, PA

Dated: December 23, 2010  By:__/s/ Richard E. Fradette_____
       Richard E. Fradette, Esquire
       Bar No. 844
       Christina A. Ferrari, Esq.
       Bar No. 19836
       91 Bay Street - P.O. Box 3150
       Manchester, NH 03105-3150
       (603) 623-1234

## CERTIFICATE OF SERVICE

 I hereby certify that this document was filed by the ECF system and served on all counsel of record electronically as a result thereof on the 23rd day of December, 2010.

       __/s/ Richard E. Fradette_____
       Richard E. Fradette, Esquire