UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Michael K. Brace and Susan Brace, <br> Plaintiffs <br> <br> v. <br> <br> Rite Aid Corporation and <br> Sowmya Yabaluri, R.Ph. <br> Defendants | \* <br> \* <br> \* <br> \* <br> \*   Case No.: 1:10-cv-00290-LM <br> \* <br> \* <br> \* <br> \* |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO
ADD MAXI DRUG NORTH, INC. AS A DEFENDANT**

NOW COME the Plaintiffs, Mr. Michael K. Brace (hereinafter "Michael") and Mrs. Susan Brace (hereinafter "Susan"), in the above-captioned matter, by and through their attorneys, and respectfully submit the following memorandum of law in support of their Reply to Defendants' Objection to Plaintiffs' Motion to Add Maxi Drug North, Inc. as a Defendant:

### I.    BACKGROUND

In their Objection, the Defendants mischaracterize the Plaintiffs' knowledge about the relationship between Defendant Rite Aid Corporation and Maxi Drug North, Inc., and Maxi Drug North, Inc.'s role and potential liability in the Plaintiffs' misfilled narcotic prescription, severe overdose, hospitalization, and injuries.

On August 3, 2010, Plaintiffs' counsel did not know that Maxi Drug North, Inc. was the "owner and operator of the pharmacy at issue" and the only "proper corporate defendant."  As of that date, Plaintiffs' counsel believed that "Maxi Drug North, Inc. <u>may</u> be the <u>parent</u> corporation for Rite Aid Corporation and its pharmacists."  (emphasis added); <u>See</u> Affidavit of Richard E. Fradette, Esquire, paragraph 2, attached hereto as Exhibit A.  As it turns out, he was <u>wrong</u> and

defense counsel never corrected this mistaken belief until the Summary Judgment Motion was filed.

It was not until Defendant Rite Aid Corporation filed its Summary Judgment Motion on November 24, 2010 that the Plaintiffs learned that Maxi Drug North, Inc. is a subsidiary of Defendant Rite Aid Corporation, operates under the trade name of Rite Aid Pharmacy, and employs the pharmacists working at its pharmacies. These facts were never disclosed- only the suggestion that Maxi Drug North, Inc. was the "corporate defendant" to be named. Prior to this Summary Judgment Motion, no discovery had yet been conducted by either party. There is no evidence to support the Defendants' allegations that the Plaintiffs deferred responsibility to include Maxi Drug North, Inc. as a Defendant or made a conscious strategic decision to not name Maxi Drug North, Inc. in their original Complaint. In fact, the contrary is true; the Plaintiffs knew nothing of Maxi Drug North, Inc. As evidenced by their counsel's affidavit, the Plaintiffs mistakenly understood the relationship between the parties, even when the Defendants disclosed the existence of Maxi Drug North, Inc. As soon as the Plaintiffs realized that Maxi Drug North, Inc. was a subsidiary and not the parent corporation, they filed a Motion to Amend their original Complaint and to add Maxi Drug North, Inc. as a Defendant. Plaintiffs' counsel has never objected to adding Maxi Drug North, Inc. as a Defendant.

## II. ARGUMENT

### A. Justice requires that the Court freely give the Plaintiffs leave to add Maxi Drug North, Inc. as a Defendant.

Federal Rule of Civil Procedure 15(a) is a liberal rule, under which the Court has discretion to grant or deny a party's request to amend a pleading. Epstein v. C.R. Bard, Inc., 460 F.3d 183, 190-91 (1st Cir. 2006). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

2

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require be 'freely given'." Foman v. Davis, 371 U.S. 178, 182 (1962).  In the present case, there is no evidence demonstrating that the Plaintiffs acted with undue delay, bad faith, or dilatory motive.  "[F]indings of undue delay often occur in cases where a year or longer has elapsed between Plaintiff's last filed complaint and the request for leave to amend." González-Madera v. De Jesús, No. 08-1260(JA), 2010 WL 235139, at *2 (D. Puerto Rico Jan. 20, 2010). Here, only five months have elapsed between July 17, 2010, when the Plaintiffs filed their original Complaint, and December 23, 2010, when the Plaintiffs moved to add Maxi Drug North, Inc. as a Defendant.  The Plaintiffs also requested this amendment prior to January 1, 2011, the deadline for adding parties, as contained within the Court's Structuring Order.

In addition, there is no evidence to support the Defendants' allegation that the Plaintiffs made a conscious, strategic decision not to add Maxi Drug North, Inc. as a Defendant.  In a recent decision, the United States Supreme Court found that a Plaintiff's failure to add a second Defendant during the Rule 4(m) period of 120 days was not sufficient to make reasonable any belief that she had made a deliberate, informed decision not to sue that Defendant in the first instance.  Krupski v. Costa Crociere S. p. A., 130 S.Ct. 2485, 2497-98 (2010).  Likewise, in the present case, the Plaintiffs' failure to add Maxi Drug North, Inc. during the Rule 4(m) period is not sufficient to make reasonable the Defendants' belief that the Plaintiffs made a deliberate, informed, or strategic decision not to name Maxi Drug North, Inc. in their original Complaint. As evidenced by Plaintiffs' counsel's affidavit, the Plaintiffs were not aware of the existence of Maxi Drug North, Inc. when the Complaint was originally filed and when defense counsel suggested adding it as a Defendant, Plaintiffs' counsel mistakenly believed that Defendant Rite

3

Aid Corporation was a <u>subsidiary</u> of Maxi Drug North, Inc.  Thus, as a subsidiary, Defendant Rite Aid Corporation would be liable for Maxi Drug North, Inc.'s actions and it was not an essential party Defendant.  Defense counsel never disputed or corrected this belief.

The Plaintiffs should also not now be found dilatory for not accepting the Defendants' naked assertions that Maxi Drug North, Inc. "is a proper corporate defendant in this case."  <u>See</u> <u>id</u>. at 2498 (finding that the Plaintiff should not be found dilatory for not accepting at face value the unproven allegations in the named Defendant's Answer and Corporate Disclosure form).  Further, the Defendants have failed to show that they will be unduly prejudiced, to any degree, by this amendment.  Therefore, because there is no apparent or declared reason which justifies the denial of the Plaintiffs' request for an amendment, the Court's leave should be freely given.

    **B.**    **The Plaintiffs' claims against Maxi Drug North, Inc. are not time barred because the Plaintiffs meet the three requirements of Federal Rule of Civil Procedure 15(c)(1)(C), which mandates that the Plaintiffs' amended Complaint relate back to the date of their original Complaint.**

The relation back doctrine, under Federal Rule of Civil Procedure 15(c), directly applies to this present case.  In <u>Krupski</u>, the Court found that where a Plaintiff files an amended Complaint seeking to bring in a new Defendant, there is a "typical case" of Rule 15(c)(1)(C)'s applicability.  <u>Id</u>. at 2493.  The <u>Krupski</u> decision is particularly instructive here because its facts and procedural history mirror those in the current case.  In <u>Krupski</u>, the named Defendant brought to the Plaintiff's attention the existence of another party who was responsible for the Plaintiff's injuries.  <u>Id</u>. at 2491.  After this named Defendant filed a Summary Judgment Motion, the Plaintiff moved to amend her Complaint to add the second party as an additional Defendant.  <u>Id</u>.  The Court found that Rule 15(c)(1)(C) plainly sets forth an exclusive list of requirements for relation back, and "the amending party's diligence is not among them."  <u>Id</u>. at 2496.  Moreover,

4

Rule 15(c)(1)(C) "mandates relation back once these requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion."  Id.

Here, the Plaintiffs clearly meet all three of the requirements for relation back under Rule 15(c)(1)(C).  First, there is no question that the Plaintiffs' amendment asserts claims that "arose out of the conduct, transaction, or occurrence" set out in their original Complaint.  In their Objection, the Defendants do not contest that this requirement has been met.

Second, within the Rule 4(m) period, Maxi Drug North, Inc. received such notice of the original Complaint that it will not now be prejudiced in defending on the merits.  In Krupski, the Court noted that both the named and prospective Defendants were related corporate entities, which heightened the expectation that the prospective Defendant should suspect a mistake has been made when the named Defendant was the entity named in the Complaint that actually described the prospective Defendant's activities.  Id. at 2498.  Here, the same heightened expectation is present, as Defendant Rite Aid Corporation and Maxi Drug North, Inc. are related corporate entities and enjoy a parent-subsidiary relationship.  Therefore, notice of the Plaintiff's original Complaint to Defendant Rite Aid Corporation serves as notice to Maxi Drug North, Inc. as they share an "identity of interest."  See Hernandez Jimenez v. Calero Toledo, et al., 604 F.2d 99, 102-03 (1st Cir. 1979) (finding that the identity of interest concept, a judicial gloss on Rule 15(c)(1), provides that the institution of the original action serves as constructive notice of the action to the parties added after the limitations period expired, "when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.").  In Hernandez Jimenez, the First Circuit found that the identity of interest principle is often applied "where the original and added parties are a parent corporation and its wholly owned subsidiary."  Id.

5

Therefore, as of July 17, 2010, the date of the Plaintiffs' original complaint, Maxi Drug North, Inc. knew or should have known that but for a mistake on the part of the Plaintiffs, the Complaint would have originally been brought against it. The Defendants have not alleged any reason why Maxi Drug North, Inc. would be prejudiced in defending the Plaintiffs' claims on the merits.

Third, the Plaintiffs' knowledge of Maxi Drug North, Inc.'s existence does not preclude the Plaintiffs from making a mistake as to its relationship to Defendant Rite Aid Corporation and its role in the Plaintiffs' injuries. In Krupski, the Court focused on Rule 15(c)(1)(C)(ii) and found that the relation back of an amendment "depended on what party to be added knew or should have known, not on the amending party's knowledge or timeliness in seeking to amend the pleading." Krupski, at 2493 (emphasis added). The Court also found that for purposes of this inquiry, "it would be error to conflate knowledge of a party's existence with the absence of mistake." Id. at 2494. Further, the Court found that a Plaintiff's knowledge of a party's existence does not preclude him or her from making a mistake with respect to that party's identity or role. Id. The Court defined a "mistake" as "an error, misconception, or misunderstanding; an erroneous belief." Id.

The Court also explicitly disagreed with the Defendant's position that any time a Plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper Defendant could reasonably believe that the Plaintiff made no mistake. Id. The Court reasoned that this "type of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." See id. (stating that this reading is consistent with the policy and purpose behind the relation back doctrine, namely to "balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in

6

general, and Rule 15 in particular for resolving disputes on their merits" and to prohibit a windfall to the prospective Defendant that contradicts the policy of Rule 15).

The Court's reasoning in Krupski regarding Rule 15(c)(1)(C)(ii) should be applied to the facts of this case. Here, the Plaintiffs' discovery of Maxi Drug North, Inc.'s existence after filing suit does not preclude them from making a mistake with respect to that party's identity, which clearly occurred on or about August 3, 2010 when Plaintiffs' counsel mistakenly understood that Maxi Drug North, Inc. was the parent corporation of Rite Aid Corporation. In their Objection, the Defendants argue exactly what the Court in Krupski calls an error: "to conflate knowledge of a party's existence with the absence of mistake." Id. Under Krupski, the relevant inquiry under Rule 15 is what Maxi Drug North, Inc., the prospective Defendant, knew or should have known, not the Plaintiffs' knowledge or timeliness in seeking to amend their Complaint. The record supports the conclusion that Maxi Drug North, Inc. knew or should have known that the Plaintiffs' original Complaint would have been brought against it, but for a mistake concerning the proper party's identity.

### III.   CONCLUSION

For these reasons, pursuant to Federal Rule of Civil Procedure 15, justice requires that this Court freely give the Plaintiffs leave to amend their Complaint to add Maxi Drug North, Inc. as a Defendant. The Plaintiffs meet all of the requirements under Rule 15(c)(1)(C), which mandates that the Plaintiffs' amended Complaint relate back to the date of their original Complaint. Thus, the Plaintiffs' new claims against Maxi Drug North, Inc. are not time barred by the applicable statute of limitations.

        Respectfully submitted,
        Michael and Susan Brace, Plaintiffs
        By and through their attorneys,
        BELIVEAU, FRADETTE, DOYLE & GALLANT, PA

Dated:  January 11, 2011           By:__/s/ Richard E. Fradette_____
                                    Richard E. Fradette, Esquire
                                    Bar No. 844
                                    Christina A. Ferrari, Esq.
                                    Bar No. 19836
                                    91 Bay Street - P.O. Box 3150
                                    Manchester, NH 03105-3150
                                    (603) 623-1234

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed by the ECF system and served on all counsel of record electronically as a result thereof on the 11th day of January, 2011.

                                    __/s/ Richard E. Fradette_____
                                    Richard E. Fradette, Esquire