UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Michael K. Brace and
Susan Brace

    v.                                                  Civil No. 10-cv-290-LM

Rite Aid Corporation and
Sowmya Yabaluri, R.Ph


**O R D E R**

Michael and Susan Brace have sued Rite Aid Corporation ("Rite Aid") and pharmacist Sowmya Yabaluri for pharmacy malpractice, violation of the New Hampshire Consumer Protection Act, and loss of consortium.  Before the court is plaintiffs' motion for leave to amend their complaint to add Maxi Drug North, Inc. ("Maxi Drug") as a defendant.  Rite Aid and Yabaluri ("defendants") object.  For the reasons given, plaintiffs' motion is granted.


**Background**

Plaintiffs filed this action on July 16, 2010, against Rite Aid and Yabaluri, claiming that Michael Brace was injured as a result of a prescription that was misfilled at a Rite Aid pharmacy on August 8, 2007.  In a letter dated August 3, 2010, written in response to plaintiffs' request for a waiver of

service, defendants' counsel told plaintiffs' counsel: "Please be advised that I have been authorized to accept service for Maxi Drug North, Inc. and Sowmya Yabaluri, R.Ph.  Maxi Drug North, Inc. is the proper corporate defendant for this matter.  Accordingly, please advise how you intend to proceed."  Defs.' Obj., Ex. 2 (doc. no. 27-2).

In an affidavit submitted in support of plaintiffs' objection to defendants' motion to remove a default that had been entered against them, plaintiffs' counsel, Richard Fradette, testified as follows:

> On August 3, 2010 . . . Attorney Mark Shaughnessy called to inform me of his opinion that Maxi Drug North, Inc. was the proper corporate defendant in this case.  I responded that I would assent to his motion to add Maxi Drug North, Inc. as an additional defendant.  However, under no circumstances would I release Rite Aid and/or Pharmacist Yabaluri as defendants in this case because my client relied upon and knew the reputation of Rite Aid and its pharmacists – as does the general public.  Maxi Drug North, Inc. may be the parent corporation liable for Rite Aid Corporation and its pharmacists, and therefore I would have no objection to including them as a defendant, but my client and the public are familiar with Rite Aid and its local pharmacists.

Defs.' Obj., Ex. 1 (doc. no. 27-1) ¶ 2.  Attorney Fradette continued: "There was no need to respond to Attorney Shaughnessy's letter . . . because he knew my position regarding adding Maxi Drug North, Inc. as an additional defendant and the next move on how to proceed was his."  Id. ¶ 3.

Plaintiffs did not move to amend their complaint within the time specified by Rule 15(a)(1) of the Federal Rules of Civil Procedure ("Federal Rules"), which identifies the circumstances under which amendment is allowed "as a matter of course." On August 8, the statute of limitations ran on plaintiffs' claims. On November 8, 2010, the court issued a scheduling order, doc. no. 21, that allowed plaintiffs until January 1, 2011, to join additional parties. That order also specified a discovery deadline of July 13, 2011, and provides that pleadings shall be amended no later than that date. The case is due to be ready for jury trial on December 13, 2011.

On November 24, 2010, Rite Aid moved for summary judgment on grounds that the pharmacy from which Michael Brace received his allegedly misfilled prescription was owned and operated by Maxi Drug, not by Rite Aid. As the motion for summary judgment explains, Maxi Drug, which operates under the trade name "Rite Aid Pharmacy," is a subsidiary of Rite Aid. In Rite Aid's view, it is entitled to summary judgment because, as a parent corporation, it is not legally liable for the acts of its subsidiary.

On December 23, 2010, plaintiffs moved for leave to amend their complaint to add Maxi Drug as a defendant, having unsuccessfully sought the consent of Rite Aid and Yabaluri.

**Discussion**

The Federal Rules provide, under the circumstances of this case, that plaintiffs "may amend [their complaint] only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendants declined to give their written consent to plaintiffs' proposed amendment, so plaintiffs may amend their complaint only with leave of the court.

The Federal Rules also provide that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15(a) reflects a liberal amendment policy . . . ." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). "The Rule allows for liberal amendment in the interests of resolving cases on the merits." 4 James Wm. Moore, Moore's Federal Practice § 15.02[1], at 15-7 (3d ed. 2010). Moreover, "the district court enjoys significant latitude in deciding whether to grant leave to amend." Gagne, 565 F.3d at 48 (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008)). "Reasons for denying leave [to amend] include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." Gagne, 565 F.3d at 48 (citing Foman v. Davis, 371 U.S. 178, 182 (1962); United States ex rel. Rost v. Pfizer, Inc., 507 F.3d 720 733-34 (1st Cir. 2007)).

Rite Aid and Yabaluri argue that justice does not require the court to allow plaintiffs to amend their complaint and that, in any event, plaintiffs' proposed amendment does not relate back to the original filing date, which means that their claims against Maxi Drug are barred by the statute of limitations. The court considers each issue in turn.

A. Rule 15(a)(2) – When Justice so Requires

Rite Aid and Yabaluri argue that justice does not require the court to grant plaintiffs leave to amend their complaint because it was "Plaintiffs' own 'inexcusable neglect,' unfounded delay, and conscious strategic decisions that caused them not to name Maxi Drug in their original complaint." Defs.' Mem. of Law (doc. no. 27), at 4. To be sure, it is difficult to understand why plaintiffs did not amend their complaint to add Maxi Drug within the time period allowed by Rule 15(a)(1) for amendments as a matter of course. Plaintiffs' belief that it was up to Yabaluri and Rite Aid to add Maxi Drug to the case is even more difficult to fathom.[1] But, still, defendants have not provided the court with a basis for denying plaintiffs' motion to amend that would survive appellate review.

---

[1] In some circumstances, such as those involving third-party practice, it might well fall to a defendant to join additional parties, but nothing in this case suggests that either plaintiffs or defendants ever regarded Maxi Drug as anything other than an ordinary defendant.

As a preliminary matter, the court notes that this is not a case in which plaintiffs are seeking to amend their complaint to add new theories of recovery against defendants who were named in the original complaint. Rather, plaintiffs seek merely to add another defendant. Of all the Foman factors, the only one defendants can plausibly rely on is undue delay, but given that discovery is still open, it does not appear that plaintiffs' delay cuts in favor of denying their motion to amend.

Because discovery is still open, allowing plaintiffs to add Maxi Drug as a defendant will not require "re-opening of discovery with additional costs, a significant postponement of trial, and a likely major alteration in trial strategy and tactics." Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998) (affirming denial of motion to amend to add new defendant when original defendants argued that defending against amended complaint "would have resulted in at least an additional four months of discovery and would have delayed trial by at least an additional twelve months"); see also Glassman v. Computervision Corp., 90 F.3d 617, 622 n.9 (1st Cir. 1996) (finding it "unlikely that defendants could have been prejudiced" when proposed amendment would not "require reopening discovery" or change in trial strategy). Unlike the defendant in Acosta-Mestre, Rite Aid and Yabaluri have identified no way

6

in which they will be prejudiced if the court grants plaintiffs' motion to amend.

"[P]rejudice to [the] non-movant [is] the touchstone for the denial of the amendment," Glassman, 90 F.3d at 623 (quoting Carey v. Beans, 500 F. Supp. 580, 582 (E.D. Pa. 1980)) (internal quotation marks omitted), and the only real prejudice in this case is that Maxi Drug (Rite Aid's subsidiary and Yabaluri's employer) could lose the benefit of what appears to have been a mistake on the part of plaintiffs' counsel.  It is hard to see how that would be unjust, or even harmful, to Rite Aid or Yabaluri.  Moreover, prejudice of the kind at issue here, i.e., Maxi Drug's losing out on what amounts to a windfall, falls well beyond the scope of the factors identified by Foman as properly supporting the denial of a motion to amend.

Bearing in mind "[t]he 'policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits,' " Benitez-Allende v. Alcan Aluminio do Brasil, S.A., 857 F.2d 26, 36 (1st Cir. 1988) (quoting Espy v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984)), the court concludes that in this case, at this relatively early stage in the proceedings, justice requires that plaintiffs be allowed to amend their complaint to add Maxi Drug as a defendant.  See also E. Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n,

Inc., 357 F.3d 1, 8 (1st Cir. 2004) ("district judges do not customarily aim to defeat valid claims").

B. Rule 15(c) – Relation Back & the Statute of Limitations

Rite Aid and Yabaluri further argue that even if justice requires the court to grant plaintiffs' motion to amend, any claims against Maxi Drug are barred by the statute of limitations. Plaintiffs' claims against Maxi Drug may or may not be barred by the statute of limitations, and plaintiffs may or may not have misconstrued the relation-back doctrine stated in Rule 15(c) of the Federal Rules. But those issues are defenses Maxi Drug might raise against plaintiffs' claims, not reasons to rule in favor of Rite Aid and Yabaluri by denying plaintiffs' motion to amend. At least one court has held that a trial court correctly denied a motion to amend when the new claims the plaintiff sought to add (against defendants already in the case) were futile because they were time-barred, see Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004), but this court is aware of no authority – and defendants have identified none – for the proposition that B, a defendant in A's lawsuit, may raise C's statute-of-limitations defense to support an objection to A's motion to amend his or her complaint to add C as a defendant. Maxi Drug may have a valid statute-of-limitations defense, but that will be decided if and when Maxi

Drug decides to assert it. In sum, the statute of limitations issue provides no basis for denying plaintiffs' motion to amend.

## Conclusion

For the reasons given, plaintiff's motion to amend, doc. no. 26, is granted.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: January 31, 2011

cc: Richard E. Fradette, Esq.
Andrew Ranks, Esq.
Mark W. Shaughnessy, Esq.